## Eshleman v. Migdon

*S. V. Hosterman*, for plaintiff.
*Charles W. Eaby*, for defendant.

ATLEE, P. J., October 18, 1935.—Fred C. Eshleman has brought suit against Herman Migdon to recover at the rate of 75 cents per hour for 125¾ hours' time which the plaintiff avers he expended upon certain automobiles belonging to the defendant in pursuance of a verbal implied contract to pay for the said work and labor. The plaintiff avers that "during the months of July and August, 1934" he performed the said work and mentions in the plaintiff's statement 16 separate cars on which the plaintiff alleges he worked for the defendant during the two months above mentioned. The plaintiff claims the sum of $94.31 with interest from August 15, 1934. The price per hour of 75 cents for labor is averred to be the customary and reasonable charge.

The defendant has presented a petition asking that the plaintiff be ordered to file a more specific statement and gives the following reasons:

"3. That he is unable to file an affidavit of defense because the plaintiff's statement is not specific in that:

(*a*) It does not state the day of the month or the number of hours of any particular day.

(*b*) It states 125¾ hours during the months of July

and August 1934, without stating the days or the number of hours each day when said work was done.

(*c*) It does not state that demand for said sum has been made.

(*d*) It does not state that the defendant ever refused to pay.

(*e*) It does not state what repairs, if any, were furnished by the plaintiff."

Examination of the plaintiff's statement reveals that the statement fails to set forth the exact date on which work was expended on any one car, but does specify the work done to each individual car. The defendant should be able from this statement to admit or deny the doing of the work or that it was necessary and proper. The statement is far from what it should be but possibly is the best information which the plaintiff can give. Inasmuch as the statement specifies the kind of labor that was performed and identifies the cars on which the work was done, the court feels that the statement is sufficient.

Therefore the rule to show cause why a more specific statement should not be filed is discharged.

From George Ross Eshleman, Lancaster.